UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TONI PULVER, individually and on behalf of all
others similarly-situated,

                             Plaintiff,

             -against-

CAFUA MANAGEMENT COMPANY L.L.C.
d/b/a DUNKIN' DONUTS, CAFUA & LEAL
MANAGEMENT COMPANY, LLC d/b/a
DUNKIN' DONUTS, and FIFTH DONUTS, LLC
d/b/a DUNKIN' DONUTS,

                         Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:**

Jury Trial Demanded

Plaintiff, TONI PULVER (hereinafter "Plaintiff" or "Pulver"), individually and on behalf of all

others similarly-situated, by and through her attorneys, brings this collective and class action

complaint against CAFUA MANAGEMENT COMPANY L.L.C. d/b/a DUNKIN' DONUTS,

CAFUA & LEAL MANAGEMENT COMPANY, LLC d/b/a DUNKIN' DONUTS, and FIFTH

DONUTS, LLC d/b/a DUNKIN' DONUTS (together as "Defendants" or "Cafua") for

Defendants' failure to pay her and other similarly situated individuals overtime compensation for

hours she worked over forty in a workweek while training for a Store Manager position, pursuant

to the Fair Labor Standards Act ("FLSA") and applicable state laws, and alleges upon knowledge

as to herself and her own actions and upon information and belief as to all other matters as

follows:

**NATURE OF CASE**

   1.  This is a civil action for damages and equitable relief based upon willful violations

committed by the Defendants of Plaintiff's rights guaranteed to her by: (i) the overtime

provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime

provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 137-1.3; (iii) the requirement that employers furnish employees with wage statements containing specific categories of accurate information under the NYLL § 195(3); as well as (iv) any other claim(s) that can be inferred from the facts set forth herein.

2.   Defendants own and operate over three hundred Dunkin Donuts franchisees nationwide. This is a collective and class action brought by Plaintiff on behalf of herself and similarly situated current and former employees of the Defendants who during the relevant liability periods (as defined *infra* at paragraphs 39, 48) underwent training for a Store Manager position at Defendants' stores.   Plaintiff and all current and former employees of Defendants were misclassified as exempt under the FLSA and New York Labor Laws ("NYLL") while training to become Store Managers.   Defendants' centralized and uniform policy and/or practice of classifying their Store Mangers in training (hereinafter "Manager Trainees") as exempt and their failure to pay them overtime compensation for the hours they worked over forty in a workweek during the weeks they were trained is unlawful and in violation of the FLSA and applicable state laws, including the NYLL.

3.   Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of herself and all others similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA.

4.   Plaintiff also brings this lawsuit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all other persons similarly-situated during the applicable NYLL limitation periods, who suffered damages as a result of the Defendants' violations of the NYLL, and supporting regulations.

## JURISDICTION AND VENUE

5.   Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under 29 U.S.C. § 201, *et seq*.

6.   Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

7.   Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(ii) because a substantial part of the events giving rise to the claims alleged in this action occurred in this judicial district.

## PARTIES

### I.   PLAINTIFF

8.    Plaintiff Toni Pulver is a resident of Poughkeepsie, New York.

9.   Pulver was employed by Defendants from on or about July 12, 2013 until May 28, 2015.

10. From in or around March 2014 until April 2014, Pulver worked for the Defendants as a Manager Trainee at a Dunkin' Donuts located on Route 9 North in Fishkill, New York.

11. During the NY Liability Period, Pulver was an employee of Defendants covered within the meaning of the NYLL.

12. During the FLSA Liability Period, Pulver was an employee of Defendants covered within the meaning of the FLSA.

13. As a Manager Trainee, Pulver regularly worked over forty hours in a workweek.

14. Defendants did not maintain or preserve records of the hours Pulver worked each week as a Manager Trainee during the NY Liability Period.

15. Defendants did not maintain or preserve records of the hours Pulver worked each week as a Manager Trainee during the FLSA Liability Period.

16. As a Manager Trainee during the NY Liability Period, Pulver was misclassified as exempt, and was denied overtime compensation for the hours she worked over forty in a workweek.

17. As a Manager Trainee during the FLSA Liability Period, Pulver was misclassified as exempt, and was denied overtime compensation for the hours she worked over forty in a workweek.

## II.   **DEFENDANTS**

18. Cafua Management Company L.L.C. ("Cafua") is a Massachusetts limited liability company.

19. Cafua Management Company L.L.C. ("Cafua") is a Massachusetts limited liability company with its principal place of business at 280 Merrimack Street, Methuen, Massachusetts.

20. Cafua & Leal Management Company, LLC is a New York limited liability company.

21. Cafua & Leal Management Company, LLC is a New York limited liability company, with its principal place of business at 99 Winthrop Ave., Lawrence, Massachusetts 01843

22. Fifth Donuts, LLC is a New York limited liability company.

23. Fifth Donuts, LLC is a New York limited liability company, with its principal place of business at 897 Main St, P.O. Box N, Sanford, Maine 04073

24. Cafua Management Company L.L.C. d/b/a Dunkin' Donuts is a franchisee of Dunkin' Donuts Franchising LLC.

25. Cafua & Leal Management Company, LLC d/b/a Dunkin' Donuts is a franchisee of Dunkin' Donuts Franchising LLC.

26. Fifth Donuts, LLC d/b/a Dunkin' Donuts is a franchisee of Dunkin' Donuts Franchising LLC.

27. Cafua Management Company L.L.C., Cafua & Leal Management Company, LLC and Fifth Donuts, LLC conduct business as Dunkin' Donuts (together as "Cafua" or "Defendants").

28. During the relevant liability periods, Defendants were and/or continue to be joint employers of the Plaintiff and similarly situated Manager Trainees.

29. During the relevant liability periods, Cafua Management Company L.L.C. conducted all applicable human resources functions for Defendants and was responsible for administering compensation programs, determining exempt and non-exempt classifications, and maintaining personnel record keeping and information for all Cafua owned and operated Dunkin' Donuts Franchise stores that they operated.

30. During the relevant liability periods, Defendants used a centralized payroll department and system to issue pay and maintain payroll records for Plaintiff and other Manager Trainees.

31. During the relevant liability periods, Defendants had joint control, directly or indirectly, over Plaintiffs' and other similarly situated Manager Trainees' pay, job duties, hours worked, records of hours worked, and exempt classification.

32. Defendants are covered employers within the meaning of the FLSA and, during the FLSA Liability Period.

33.  Defendants employed Plaintiff and similarly situated Manager Trainees.

34. Defendants are covered employers within the meaning of the NYLL.

35. During the NY Liability Period, Defendants employed Plaintiff and similarly situated Manager Trainees.

36. During the relevant liability periods, Defendants have been, and continue to be, an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s).

37. During the relevant liability periods, Defendants have employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in § 203(s)(1)(A)(i).

38. During each year of the relevant liability periods, each Defendant has annual gross sales made or business done in excess of $500,000.00 in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings this suit against Defendants to recover full payment of all overtime wages and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on her own behalf as well as those in the following collective:

> All Manager Trainees and persons who, during the three years prior to the filing of this action (herein "FLSA Liability Period"), trained for the Store Manager position at Defendants' stores, however titled, and were classified as exempt from receiving overtime compensation (the "FLSA Collective").

40. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: performed similar tasks, were subject to the same laws and regulations; were paid in the same or similar manner; and were subjected to the same illegal pay practices as Plaintiff as described in the "Factual Allegations" section below.

41. During the FLSA Liability Period, the Manager Trainees, like Plaintiff were a victim of a common policy, plan, or scheme by Defendants to misclassify Manager Trainees as exempt and to deny them overtime compensation required by the FLSA.

42. During the FLSA Liability Period, Manager Trainees, like Plaintiff, were uniformly affected by Defendants' centralized, company-wide policy and/or practice to classify Manager

Trainees as exempt and to deny them overtime compensation required by the FLSA, which applied at all of Defendants' locations nationwide.

43. Defendants' unlawful compensation policies and/or practices of Plaintiff and other similarly situated Manager Trainees, were in willful disregard of their rights.

44. At all relevant times, Defendants are and have been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective rates of pay for all hours worked each workweek above forty, yet they willfully chose not to do so.

45. The Defendants ignored the FLSA's requirements to minimize their labor costs and maximize profits.

46. Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per work week.

## RULE 23 CLASS ALLEGATIONS

47. In addition, Plaintiff seeks to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on their behalf, as well as on behalf of those who are similarly-situated who, during the applicable statutory period, Defendants subjected to violations of the NYLL and the NYCCRR.

48. The Rule 23 Class that Plaintiff seeks to identify includes:

> All Store Manager Trainees and persons who, during the six years prior to the filing of this action (herein "NY Liability Period"), trained for a Store Manager position with Defendants: (1) worked in excess of forty hours per week without receiving overtime compensation; and (2) were not issued complete or accurate pay stubs/wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3). ("Rule 23 Plaintiffs" or "New York Class")

49. During the NY Liability Period, Manager Trainees like Plaintiff were victims of a common policy and plan by Defendants to misclassify them as exempt and to deny them overtime compensation as required by the NYLL.

50. During the NY Liability Period, Defendants failed to record the hours worked each week for Plaintiff and all similarly situated Manager Trainees.

51. During the NY Liability Period, Manager Trainees like Plaintiff were uniformly affected by Defendants' centralized, company-wide policy and/or practice to classify Manager Trainees as exempt and to deny them overtime compensation required by NYLL, which applied throughout the state of New York.

52. Defendants' misclassification of Plaintiff, and other similarly situated Manager Trainees and their unlawful compensation policies and/or practices have been in willful disregard of the rights of Plaintiff and other similarly situated Manager Trainees under NYLL.

53. Under Fed. R. Civ. P. 23(b)(3), a Plaintiff must plead that:

    a.    The class is so numerous that joinder is impracticable;

    b.    There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c.    Claims or defenses of the representative are typical of the class;

    d.    The representative will fairly and adequately protect the class; and,

    e.    A class action is superior to other methods of adjudication.

54. The class action is properly maintainable under Fed. R. Civ. P. 23(a), (b)(1) and (b)(3).

<u>Numerosity</u>

55. During the applicable statutory period the Defendants have, in total, employed in excess of at least forty non-managerial employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

56. There are common questions of law and fact that govern the claims that are available to each and every Rule 23 Plaintiff, including but not limited to the following: whether Manager Trainees were misclassified as exempt by Defendants; whether the job duties and responsibilities of Manager Trainees primarily consisted of training to be Store Managers; whether Defendants implemented and used the Management Training Program to train their Store Managers at Defendants' stores; whether Defendants unlawfully failed to pay Manager Trainees overtime compensation in violation of the NYLL; whether Defendants failed to comply with notice and record-keeping requirements of the NYLL; Defendants' potential defenses to these claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, identification of the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

57.    As described in the Factual Allegations section below, the Defendants employed Plaintiff as Manager Trainees at various locations throughout New York State.  Plaintiff's duties, hours, pay rate and pay structure were substantially similar to those of the Rule 23 Plaintiffs. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs work, and/or have worked, for Defendants in excess of forty hours per week, as non-managerial Manager Trainees, whom the Defendants paid at a set amount regardless of hours actually worked.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid time and one-half their hourly rate for all hours worked in excess of forty, and to be furnished with accurate paystubs on each payday.  Plaintiff and the

Rule 23 Plaintiffs have all been injured in that they have been uncompensated or under-compensated due to Defendants' willful common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

Adequacy

58.     Plaintiff, as described below, worked the same or similar hours throughout their employment with Defendants as the Rule 23 Plaintiffs.  The Defendants did not pay Plaintiff overtime pay for the hours she worked over forty each week, which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs.  Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint or that will be raised in the Defendants' Answer.  Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

Superiority

59.     Plaintiff has no or few material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least substantially-similarly, to the Rule 23 Plaintiffs.

60.     Any lawsuit brought by a Manger Trainee of Defendants would be identical to a suit brought by any other employee for the same violations.  Thus, separate litigation would risk inconsistent results.

61.     Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a Class Action under Federal Rule of Civil Procedure 23(b)(3).

62.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

## FACTUAL ALLEGATIONS

63.     The allegations in the foregoing paragraphs are incorporated by reference herein.

64.     Defendants require all persons hired or promoted from within the company to attend training prior to becoming a Store Manager.

65.     Cafua trains employees to become Store Managers at their Dunkin' Donuts stores, using its standard Training Program.

66.     Plaintiff was required to participate in training to become a Store Manager.

67.     During training Plaintiff and other similarly situated Manager Trainees' primary duties are non-managerial in nature.  Rather, their primary duties are to orient themselves to the Store Manager position by learning Defendants' policies and procedures.  In doing so, they observe and practice various training objectives and topics.

68.     For example, upon information and belief, all Manager Trainees observe and follow a Store Manager and other employees in the store, including, but not limited to other crew members.

69.     Plaintiff and other similarly situated Manager Trainees did not perform the duties of an exempt management employee.  For example, while training for Store Manager positions, Plaintiff and other Manager Trainees did not interview, select, or train employees; and did not set or adjust employees' rates of pay and hours of work; nor did they recommend employees for promotion or demotion; handle employee complaints or grievances; determine techniques to be used in the stores; control the flow or distribution of materials or merchandise; maintain production or sales records; plan or control the budget; and did not monitor or implement legal compliance measures.

70.     While training for their Store Manager positions, Plaintiff and the Manager Trainees did not customarily and regularly exercise discretionary powers.

71.     While training for their Store Manager positions, Plaintiff and the Manager Trainees did not customarily and regularly exercise discretion or independent judgment.

72.     Upon information and belief, during the relevant liability periods, all Manager Trainees for Cafua nationwide performed similar training duties at set forth herein.

73.     Upon information and belief, during the relevant liability periods, all Manager Trainees for Cafua nationwide used standardized training materials issued by Defendants.

74.     Upon information and belief, during the relevant liability periods, all Manager Trainees for Cafua nationwide were subject to Defendants' Management Training Program.

75.     During the relevant liability periods in which Plaintiff and other similarly situated Manager Trainees trained for the Store Manager position, Defendants misclassified Plaintiff and all Manager Trainees as exempt and failed to pay them overtime compensation for all hours they worked in excess of forty in a workweek.

76.     Plaintiff and other similarly situated Manager Trainees were scheduled to work 50 to 60 hours a week during Defendants' Management Training Program.  Upon information and belief, during the relevant liability periods, Manager Trainees companywide were consistently and uniformly scheduled to work in excess of 50 to 55 hours per week during training.

77.     Plaintiff and other similarly situated Manager Trainees were not paid overtime compensation for the hours they worked over forty in a workweek.  Upon information and belief, during the relevant liability periods, Plaintiff and other similarly situated Manager Trainees were denied overtime compensation for the hours they worked over forty in a workweek.

78.     Defendants have not recorded or maintained accurate time records of the hours worked by all Manager Trainees during the relevant liability periods.

79.     All work performed by Plaintiff and other similarly situated Manager Trainees was for the benefit of and accepted by Defendants.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

80.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

81.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours exceeding forty in a workweek.

82.     As described above, the Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

83.     As also described above, Plaintiff and FLSA Plaintiff frequently worked in excess of forty hours each week, yet the Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

84.     The Defendants' actions were in willful violation of the FLSA.

85.     During the FLSA Liability Period, Plaintiff and FLSA Plaintiffs have not been exempt from the FLSA overtime requirements under Section 207.

86.     Defendants failed to compensate Plaintiff and FLSA Plaintiffs for all their hours worked for Defendants in excess of forty per week as required by Section 207 of the FLSA.

87.     Plaintiff, and all other Manager Trainees similarly-situated, have been victims of a policy and plan by Defendants to misclassify them as exempt employees for their work as Manager Trainees and to deny them overtime compensation required by the FLSA.

88. Defendants' misclassification of Plaintiff and all other similarly situated Manager Trainees as exempt employees, and Defendants' failure to pay them in accordance with the requirements of Section 207 of the FLSA, was in willful disregard of the overtime wage compensation requirements of the FLSA.

89. Defendants have not made, kept, or preserved records of the hours worked by Manager Trainees as required for non-exempt employees pursuant to Section 211(c) of the FLSA.

90. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

<u>**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**</u>
*Unpaid Overtime under the NYLL and NYCCRR*

91. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

92. NYLL § 160 and NYCCRR tit. 12, § 142 require employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours exceeding forty in a workweek.

93. As described above, Defendants are "employers" within the meaning of the NYLL while Plaintiff and Rule 23 Plaintiffs are "employees" within the meaning of the NYLL.

94. As also described above, Plaintiff and Rule 23 Plaintiffs worked in excess of forty hours each week, yet Defendants failed to compensate Plaintiff and Rule 23 Plaintiffs in accordance with the NYLL and NYCCRR's overtime provisions.

95. Defendants' actions were in willful violation of the NYLL and NYCCRR.

96.     Plaintiff and all other similarly situated Manager Trainees have been victims of a policy and plan by Defendants to misclassify Manager Trainees as exempt employees for their work and to deny them overtime compensation as required by the NYLL.

97.     Plaintiff and Rule 23 Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective standard rates of pay.

98.     Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, attorneys' fees, costs, and pre-judgment and post-judgment interest for Defendants' violation of the NYLL and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

99.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

100.    NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

101.    Defendants have not maintained or preserved records of the hours worked by Plaintiff or Rule 23 Plaintiffs for each week worked while training as required for non-exempt employees pursuant to NYLL, Article 19, §661 and Article 6, §195, including, but not limited to, the supporting regulations in 12 N.Y.C.R.R. Part 142.

102.    As described above, the Defendants willfully failed to furnish Plaintiff and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

103.    Pursuant to NYLL § 198(1-d), the Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $100 for each failure of this sort.

104.    Defendants have not provided Plaintiff, and other similarly situated Rule 23 Plaintiffs with the requisite notice and statements required by NYLL.

105.    For their failures, besides the statutory penalties, the Defendants are also liable to Plaintiff and Rule 23 Plaintiffs for liquidated damages and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiff, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

A.  Allow, at the earliest possible time, Plaintiff to give notice of this collective action pursuant to 29 U.S.C. §216(b) to the FLSA; notifying these current and former employees that this civil action has been filed; of the nature and pendency of the action; and of their right to join this lawsuit by filing a Consent to Join form if they believe they have been denied lawful overtime wages;

B.  Unpaid wages and liquidated damages in the maximum amount allowed under the FLSA;

C.  Grant conditional certification of the FLSA Collective so that the members of the FLSA Collective may pursue their FLSA claims for unpaid overtime compensation collectively;

D.  Find that Defendants' violation of the FLSA was willful and imposing a three-year statute of limitations period for FLSA claims;

E.  Equitable tolling of the FLSA statute of limitation as a result of the Defendants' failure to post requisite notices under the FLSA;

F.  Grant class certification of the New York Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

G.  Find that Defendants' violation of the NYLL was willful;

H.  Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq*., the supporting United States Department of Labor regulations, NYLL Article 19, §§ 650 *et seq*. and the supporting New York State Department of Labor Regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

I.  Penalties under NYLL § 198(1)(b) and 198(1)(d) for the Defendant's failure to comply with the notice and record keeping requirements of NYLL §195(1) and 195(3);

J.  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

K.  Designation of Plaintiff as class representative and counsel of record as Class Counsel;

L.  Issuance of a judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York laws;

M.  Unpaid overtime pay pursuant to NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor Regulations;

N.  Pre-judgment and post-judgment interest, as provided by law;

O.  An injunction prohibiting Defendants' from violating the, NYLL Article 19, §§ 650, et seq., the supporting New York State Department of Labor Regulations and NYLL §195(1) and 195(3);

P.  Attorneys' fees and costs; and

Q.  Such other and further relief as this Court deems just and proper.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiff and Rule 23

Plaintiffs demand a trial by jury in this action.

Dated: New York, New York
      October 13, 2015

Respectfully submitted,

Rebecca S. Predovan

Marc S. Hepworth
Charles Gershbaum
David A. Roth
HEPWORTH, GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801
Rpredovan@hgrlawyers.com
Mhepworth@hgrlawyers.com
Cgershbaum@hgrlawyers.com
Droth@hgrlawyers.com

*Attorneys for Plaintiff, the Proposed*
*Class and Collective*